**Kashmir SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–74078.

Agency No. A76–677–550.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.\*

Decided Jan. 13, 2005.

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kashmir Singh, Turlock, CA, pro se.

Nancy E. Friedman, Esq., David Dauenheimer, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, HALL and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Kashmir Singh, a native and citizen of India, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision affirming an Immigration Judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination, *see Malhi v. INS*, 336 F.3d 989, 992 (9th Cir.2003), and we deny the petition.

** This disposition is not appropriate for publication and may not be cited to or by the

Substantial evidence supports the adverse credibility determination because Singh failed to sufficiently explain the discrepancies between his asylum application and merits hearing testimony regarding the events surrounding his 1990 and 1993 arrests for suspected Sikh militancy, *see id.* at 992–93, and because his demeanor while testifying was unconvincing, *see Singh–Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir.1999).

Because Singh failed to demonstrate that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003). As Singh relies on the same evidence that the BIA determined to be not credible, and points to no additional evidence that the BIA should have considered regarding the likelihood of torture if returned to India, Singh's CAT claim must also fail. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**